## Baltosser Adoption

*Harry B. Crytzer*, for petitioner.

RICE, P. J., June 10, 1948.—This is a proceeding under the Adoption Act of April 4, 1925, P. L. 127, for the adoption of a minor child by the husband of the mother of the child. The petition avers that the child is of illegitimate birth but does not state the name of the putative father. At the hearing petitioner's wife testified that he is the natural father of the child. More than a year after the birth of the child petitioner and the mother of the child were married.

The Act of May 14, 1857, P. L. 507, sec. 1, 48 PS §167, provided:

"In any and every case where the father and mother of an illegitimate child or children shall enter into the bonds of lawful wedlock and cohabit, such child or children shall thereby become legitimated and enjoy all the rights and privileges as if they had been born during the wedlock of their parents."

In Sollinger's Estate, 40 Pa. Superior Ct. 3, it was held that both the marriage and the subsequent cohabitation of and by the parents of a bastard child are necessary to legitimate the child. This act was repealed "in so far as it relates to inheritance" by the Intestate Act of June 7, 1917, P. L. 429, which, in section 15(*d*) (20 PS §95), provides:

"In any and every case where the father and mother

of an illegitimate child, or children, shall enter into the bonds of lawful wedlock, or shall heretofore have entered into the bonds of lawful wedlock, such child or children shall be legitimated for all purposes of inheritance by, from, or through such child or children, under the provisions of this act, as if he or they had been born during the wedlock of his or their parents."

This latter act was repealed and supplied by the Intestate Act of April 24, 1947, P. L. 80, which, in section 7(b), provides: "When the parents of a person born illegitimate shall have married each other, he shall be legitimated for purposes of descent by, from and through him as if he had been born during the wedlock of his parents." A person thus legitimated is entitled to take property under the intestate law as next of kin of his father without proof that his parents, after their marriage, cohabited, but for all purposes other than inheritance or descent a bastard child, to be legitimated, must prove the requirements of the Act of 1857, marriage and cohabitation.

In the pending case, the testimony clearly proves a marriage of the parents of the child proposed to be adopted by the father and their subsequent cohabitation, and these facts, by operation of law, caused the legitimation of the child prior to the application. This legitimation gave the child all the legal rights, and made it subject to all the duties incidental to and growing out of the relationship of parent and child, not only as to inheritance and descent but also as to maintenance and support, education, care and custody, name and obedience. The legal status of the child was exactly the same as if it had been born during the wedlock of its parents, nothing more, nothing less.

The question arises whether a person may adopt his own natural child. In Schwab Adoption Case, 355 Pa. 534, 536, the Supreme Court said:

"In Pennsylvania a valid adoption severs the child from its natural family tree and engrafts it upon that

of its new parentage. Thereafter the child attains the status, in law, of a natural child of the adopting parents: Cave's Estate, 326 Pa. 358, 192 A. 460."

In Young's Adoption, 259 Pa. 573, 577, the same court said: "But by adoption a new status was created which cannot be stricken down because of regret of a parent who consented thereto." In Fisher v. Robison, 329 Pa. 305, 308, the same court said: "Adoption was not a common law act; it depends altogether on the statute, and, in this state, may be defined as taking the child of another in the manner provided by, and with the consequences specified in, the statute." Section 1 of the Adoption Act of April 4, 1925, P. L. 127, as last amended, says: "It shall be lawful for any adult citizen . . . desirous of adopting any person . . . as his or her heir . . . to present his or her petition to the Orphans' Court . . . declaring such desire and that he or she will perform all the duties of a parent of such person." This and other provisions of the act, especially those requiring the consents, under certain circumstances, of the natural parents of the adoptee, manifest an intent that the act applies only to cases where the adoptee is not the natural child of petitioner. If the proposed adoptee is a legitimate child of petitioner, it cannot acquire a new status with respect to the adopting parent and cannot be engrafted upon the family tree of the proposed adopting parent. Since an illegitimate child is still *nullius filius* as to its putative father, unless legitimated under the statutes, it may be, and we do not decide, that a man may adopt his illegitimate child, but we are clearly of the opinion that, under the Pennsylvania adoption statutes, a person may not adopt his legitimate or legitimated child. Hence, this application must be refused.

In this case, it appears that, while the child has been known by the father's surname, its birth record does not name its father and gives its surname as that of its mother before her marriage. To facilitate an amend-

ment of its birth record, we make the following findings of fact and conclusions of law.

## Findings of fact

1. Ralph R. Yohn, Jr., petitioner, was born September 27, 1926, in Perry County, Pa., is of the white race and the Protestant religion, and his occupation is that of a laborer.

2. Helen Virginia Baltosser Yohn, *nee* Baltosser, was born January 3, 1926, in Perry County, Pa., is of the white race and the Protestant religion, and has no occupation, being a housekeeper for her husband.

3. Ralph R. Yohn, Jr., petitioner, and the said Helen Virginia Baltosser were married October 29, 1943, and since that time have lived and cohabited as husband and wife and have resided in S. W. Madison Township, said county.

4. Judy Kaye Baltosser, generally known as Judy Kaye Yohn, was born June 29, 1942, in Perry County, Pa., is of the white race and the Protestant religion, and is the natural child of the said Ralph R. Yohn, Jr., and Helen Virginia Baltosser, now Yohn, and, since their marriage as aforesaid, has lived and resided with them and been maintained and supported by them. At the time of the birth of the said Judy Kaye Baltosser, her mother, the said Helen Virginia Baltosser, was a single woman.

## Conclusions of law

1. Judy Kaye Baltosser was, at the time of her birth, the illegitimate child of Ralph R. Yohn, Jr., and Helen Virginia Baltosser.

2. Judy Kaye Baltosser was, by operation of law, legitimated by the marriage of her parents after her birth and their subsequent cohabitation and is entitled to all the rights of a child of the said Ralph R. Yohn, Jr., and Helen Virginia, his wife, as if born during

502

the wedlock of her said parents, among others, to be known as Judy Kaye Yohn.

### Order

And now, June 10, 1948, the petition of Ralph R. Yohn, Jr., for the adoption of Judy Kaye Baltosser is dismissed.